UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONNIE NEALY,

    Petitioner,

v.                                                  Case No.:  2:23-cv-509-SPC-KCD

SECRETARY, DEPARTMENT OF
CHILDREN AND FAMILY
SERVICES,

    Respondent.
_____/

## **OPINION AND ORDER**

    Before the Court is Petitioner Tonnie Nealy's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1).  Nealy challenges a Florida judgment deeming him a sexually violent predator and ordering his civil commitment.  Because Nealy did not properly exhaust any of his arguments in state court, the Court will dismiss this action.

    On November 21, 2019, an Assistant State Attorney for Florida filed a Verified Petition for Involuntary Civil Commitment under Florida's Jimmy Ryce Act, Florida Statute Sections 394.910-394.930, against Nealy.  Nealy was set to be released from prison after serving a sentence for lewd and lascivious sexual battery.  The state commitment court entered a probable cause order to have Nealy detained pending a jury trial, and it appointed Assistant Public

Defender Dan Spencer to represent Nealy. The court held a jury trial, and the jury unanimously found Nealy to be a sexually violent predator. Nealy, through counsel, filed a motion to set aside the verdict, but the court denied it.

Nealy appealed, and a public defender filed an *Anders*[1] brief. Nealy then filed a *pro se* brief, which raised the arguments he makes here. On June 13, 2023, the Sixth District Court of Appeals of Florida (6th DCA) affirmed without a written opinion. Nealy constructively filed his federal habeas petition a week later without first pursuing collateral relief in state court.

Nealy presents his habeas claims on

 two grounds. In Ground 1, Nealy argues the trial court erred by allowing two expert witnesses to testify about prior sexually motivated acts described in prison disciplinary records and documents relating to criminal charges that did not resolve in convictions. Nealy also argues his attorney was constitutionally ineffective because he did not object to the hearsay evidence as unreliable, and because he did not call the 15 unnamed witnesses Nealy requested. In Ground 2, Nealy argues he did not receive a full and fair probable cause hearing, and he argues his counsel was ineffective for not moving to dismiss the commitment action on that basis.

---

[1] *Anders v. California,* 386 U.S. 738 (1967)

The Antiterrorism Effective Death Penalty Act (AEDPA) precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)).

Nealy's arguments fit into two categories: trial court error and ineffective assistance of counsel. Nealy failed to exhaust his claims that the trial court erred by allowing hearsay testimony (Ground 1) and by failing to hold a full and fair probable cause hearing (Ground 2). While Nealy raised these issues in his appeal brief, he did not preserve them for appeal at the trial level. In Florida, "[f]or an issue to be preserved for appeal, it must have been presented to the lower court, and the specific legal argument and factual basis to be argued on appeal must have been part of that presentation." *Doorbal v. State*, 983 So. 2d 464, 499 (Fla. 2008). And "to be preserved, the issue or legal argument must be raised *and* ruled on by the trial court." *Ritchie v. State*, 344 So. 3d 369, 378 (Fla. 2002).

To be sure, Nealy tried to raise these issues before trial. He filed a pair of *pro se* motions addressing the issues three times. The trial court did not rule

3

on the motions the first time because Nealy was represented by counsel, so he could not file *pro se* papers. See *Lewis v. State*, 766 So. 2d 288, 289 (Fla. 2000) ("generally, pleadings filed by a criminal defendant who is represented by counsel are treated as a nullity"). At Nealy's request, the trial court allowed Spencer to withdraw so Nealy could represent himself. Nealy then refiled the motions. The court set a hearing on the motions, and Nealy filed them again. But at the hearing, Nealy stated he intended to retain private counsel, and the court directed the state attorney to coordinate with Nealy's retained counsel to reset the hearing. The motions remained pending. Nealy was unable to afford private counsel, so he requested the reappointment of Spencer. The trial court granted that request. Spencer did not adopt or reassert the arguments Nealy raised in the motion, and the court did not rule on them. Thus, they were not preserved for appeal. *See, Ritchie, supra*.

Nealy raised the arguments again in his *pro se* appeal brief, but the 6th DCA affirmed without a written opinion. This Court "may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case." *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993); *see also Kight v. Singletary*, 50 F.3d 1539, 1545 (1995). Nealy's two claims of trial court error were procedurally barred in state court, so they are unexhausted and procedurally barred here.

4

Spencer's failure to request rulings on Nealy's arguments, and his failure to call witnesses on Nealy's behalf, could amount to ineffective assistance of counsel. But Nealy did not exhaust those claims either. Nealy presented his ineffective assistance arguments on direct appeal, but he did not seek collateral review in state court before seeking federal habeas relief. Claims of ineffective assistance are not cognizable on direct appeal in Florida. Smith v. State, 998 So. 2d 516, 522 (Fla. 2008).

In a Florida criminal case, the proper vehicle for exhausting an ineffective-assistance claim is a postconviction motion under Florida Rule of Criminal Procedure 3.850. *Id.* Someone involuntarily committed under the Jimmy Ryce Act—like Nealy—must raise claims of ineffective assistance of counsel in a state habeas corpus proceeding where fact finding can take place. *Manning v. State*, 913 So. 2d 37, 38 (1st Dist. Ct. App. Fla. 2005); *see also McCrory v. State*, 990 So. 2d 658, 659 (4th Dist. Ct. App. Fla. 2008) ("claims of ineffective assistance of trial counsel in a Jimmy Ryce proceeding must be raised by petition for writ of habeas corpus"). That is not a mere formality. The state habeas proceeding is where fact finding takes place. By skipping this step, Nealy has not fairly presented his 6th Amendment claims to the state courts, and he has not developed a factual record for this Court to review.

Nealy's ineffective-assistance claims are unexhausted, but they—unlike his claims of trial court error—are not necessarily procedurally barred. The

Court will thus dismiss Nealy's petition without prejudice. Nealy may file a new federal habeas petition if the state courts reject his 6th Amendment claims after a full round of collateral review.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citations omitted). Nealy has not made the requisite showing here and may not have a certificate of appealability on his petition.

Accordingly, it is now

**ORDERED:**

Petitioner Tonnie Nealy's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED without prejudice**. The Clerk is

**DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 20, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record